IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TEXAS INTERNATIONAL PRODUCE ASSOCIATION, and | )<br>)<br>) |
| TEXAS VEGETABLE ASSOCIATION, | )<br>) |
|     *Plaintiffs,* | )<br>)<br>) |
| v. | )<br>) |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, | )<br>)<br>) |
| UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) |
| LORI CHAVEZ-DEREMER, in her official capacity as Secretary of Labor, and | )<br>)<br>)<br>) |
| DAVID KEELING, in his official capacity as Acting Assistant Secretary of Labor for Occupational Safety and Health, | )<br>)<br>)<br>) |
|     *Defendants.* | )<br>) |

**DECLARATION OF DANTE GALEAZZI**

I, Dante Galeazzi, declare the following:

1.     The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath. As to those matters that reflect a matter of opinion, they reflect my personal opinion and judgment upon the matter.

2. I am a citizen of the United States, a resident of Texas, over 18 years of age, and have personal knowledge of the facts set forth herein.

3. I am fully competent to make this declaration.

4. I am the President and CEO of the Texas International Produce Association (TIPA), an association that represents over 400 companies throughout the fresh fruit and vegetable supply chain. I have the authority to speak on behalf of TIPA as part of my duties as its President.

5. I am the Executive Vice President of the Texas Vegetable Association (TVA), which works closely with TIPA and operates out of the same office space. I have the authority to speak on behalf of TVA as part of my duties as its Executive Vice President.

6. TIPA is a non-profit organization which advocates, promotes, educates, and represents on behalf of the $13 billion fresh fruits and vegetables industry which are either grown in Texas or consider Texas their first point of arrival in the U.S. for distribution.

7. TVA represents a broad coalition of Texas growers and shippers who produce domestically grown vegetables across the state. TVA advocates on behalf of these producers, who collectively farm tens of thousands of acres and contribute substantially to the state's food supply and rural economy. The association works to support the long-term viability of Texas vegetable production by engaging on issues related to water availability, supply-chain integrity, crop quality, and labor and regulatory policy. As a nonprofit organization, TVA serves as a unified voice for Texas

vegetable growers, promoting their interests at the state and federal levels and supporting initiatives that enhance production, efficiency, and market competitiveness.

8. Due to a rapid decrease in membership during the early 2000s, TVA could no longer afford staff or offices. However, the members (primarily growers) saw the need to maintain the organization and engaged with TIPA. TIPA is paid a management fee to maintain TVA, which includes: advocacy in Washington, DC, and Austin, TX, on behalf of TVA; holding and hosting annual TVA board meetings; educational seminars for Texas vegetable growers; ongoing promotion efforts to increase the consumption of Texas fruits and vegetables; and representing growers before all levels of regulatory bodies.

9. TIPA maintains an office in Mission, Texas, at which the 5 full-time and 2 part-time TIPA employees work.

10. At our office, in order to comply with the Occupational Safety and Health Administration (OSHA) regulation codified at 29 C.F.R. § 1910.151 (First-Aid Kit Rule), we must either commit to having all employee injuries treated at a nearby hospital or maintain a first-aid kit and a trained first-aid provider in our office at all times.

11. There is a hospital and 24-hour emergency center in near proximity to the TIPA office which we elected to use for the treatment of all injured employees. This means our office is exempt from the First-Aid Kit Rule's requirement to maintain a first-aid kit and a trained first-aid provider on the premises at all times.

12. Despite this, TIPA and TVA have still been forced by the First-Aid Kit Rule to commit to treating all employee injuries at the nearby hospital and emergency center, rather than treat minor injuries with a first-aid kit and, should there ever be a major injury in our office, have that treated at the nearby hospital and emergency center.

13. However, our alternative is to pay to maintain first-aid kits, including acquiring them, replacing any damaged or expired items, checking them, and documenting compliance with the rule, along with always having a trained first-aid provider in our office.

14. If not for the First-Aid Kit Rule, TIPA and TVA would not send all injured employees, no matter the severity of the injury, to the local hospital. The TIPA and TVA office is an ordinary office setting in which no work injuries requiring medical aid or a visit to the hospital have occurred in at least the past 26 years – perhaps longer, but we have no one alive to confirm.

15. Because of the very low risk of such injuries, the First-Aid Kit Rule has proven unnecessary for our office.

16. TIPA and TVA do not maintain portable fire extinguishers in accordance with 29 C.F.R. § 1910.157(c)(1) (Portable Fire Extinguisher Rule).

17. In order to be exempt from the requirement to maintain portable fire extinguishers, TIPA and TVA are required to maintain a written fire safety policy which requires the immediate and total evacuation of employees from the workplace upon the sounding of a fire alarm signal and which includes an emergency action plan

and a fire prevention plan which meet the requirements of 29 C.F.R. § 1910.38 (Emergency Action Plan Rule) and 29 C.F.R. § 1910.39 (Fire Prevention Plan Rule).

18. In order to comply with the Emergency Action Plan Rule, TIPA and TVA maintain a written emergency action plan.

19. To comply with the Emergency Action Plan Rule, I, on behalf of TIPA and TVA, have been required to designate and train an employee to assist in the safe and orderly evacuation of other employees.

20. In order to comply with the Fire Prevention Plan Rule, TIPA and TVA maintain a written fire prevention plan.

21. Because of the Fire Prevention Plan Rule, Emergency Action Plan Rule, and Portable Fire Extinguisher Rule, TIPA and TVA have been forced to pay for trainings, for employees' time to attend them, for compliance documentation, and to produce written plans.

22. Without these OSHA regulations, TIPA and TVA would not waste the time and expense of maintaining a complex and detailed written fire and emergency action plan for our workplace, nor would TIPA and TVA waste the time and expense of training an employee to organize an evacuation.

23. TIPA and TVA's offices rarely have more than 7 employees present in them on a given day.

24. There has never been a fire at TIPA and TVA's offices.

25. TIPA and TVA do not engage in any activities in the office likely to cause a fire. TIPA and TVA's employees' work at our office consists almost entirely of phone calls and computer-related work at a desk.

26. If there were a fire, the number of employees and the design of the building make it simple for us to exit the building promptly.

27. The same is true of emergency evacuations.

28. For those reasons, if not for these OSHA regulations, TIPA and TVA would not expend time and resources on the written plans they currently have in place.

29. I have spoken, on behalf of TIPA and TVA, to many of the members of both TIPA and TVA about their compliance with the OSHA regulations on tractors.

30. The following is a list of members of one or both associations who have told me, and who I understand to, have at least one employee who regularly operates a tractor with greater than 20 horsepower during the operation of their farm and are thus required to comply with the provisions of 29 C.F.R. § 1928.51, including the requirements listed in Appendix A (Tractor Rule):

Matt Moore (Moore Family Farms)
City of Dalhart
County of Dallam, TX

Brian Bezner (3B Farms)
City of Dalhart
County of Dallam, TX

Angela Lusk (Lusk Onions)
City of Dalhart
County of Dallam, TX

Brandon Laferee (L&L Farms)
City of Batesville
County of Zavala, TX

Steve Cargil (Cargil Farms)
City of Uvalde
County of Zavala

Bruce Frasier (Dixondale Farms)
City of Carrizo Springs
County of Dimmit, TX

Wayne Reavis (Reavis Farms)
City of Mission
County of Hidalgo, TX

Benton Beckwith (Beckwith Produce)
City of Progreso
County of Hidalgo, TX

Clint Wiggins (Wiggins Watermelons)
City of Snook
County of Burleson

Jimmy Bassetti (J&D Produce)
City of Edinburg
County of Hidalgo, TX

Russon Holbrook (South Texas Organics)
City of Mission
County of Hidalgo, TX

31.     Each member on that list has informed me, and I understand, that they comply with the Tractor Rule. Each member has also stated, and I understand, that without that regulation in place, they would not spend time annually providing their experienced tractor drivers with unnecessary training and reminders about wearing their seatbelt, not driving into a ditch, and the other required annual training topics listed in Appendix A.

32. I understand and am informed that the Tractor Rule's unnecessary training and reminders cost them time, as well as money spent paying for employees' time to receive the training and reminders. They must also pay to document their compliance with the Tractor Rule in case of an inspection.

33. I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

Dated: 03/12/25

_____
Dante Galeazzi