IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEXAS INTERNATIONAL PRODUCE ASSOCIATION, *et al.*, | | |
| Plaintiffs, | | |
| v. | | 2:25-CV-261-Z |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

"Forum disputes are nothing new in American litigation. Opposing parties frequently bicker over where their litigation belongs." *In re Ft. Wor. Chamber of Com.*, 100 F.4th 528, 531 (5th Cir. 2024). But here, the bickering is over. The parties reached a compromise: They will drop their disputes about venue if the Court transfers this case to a mutually agreeable court. For the reasons discussed below, the parties' Joint Motion to Transfer (ECF No. 31) is **GRANTED**.

### BACKGROUND

Plaintiffs are the Texas International Produce Association ("TIPA") and the Texas Vegetable Association ("TVA"). ECF No. 1 at 6. They represent fresh fruit and vegetable growers in Texas. ECF No. 4 at 4–5. On December 3, 2025, Plaintiffs filed this action challenging Congress's delegation of authority to the Occupational Safety and Health Administration ("OSHA") as a violation of the nondelegation doctrine. ECF No. 1 at 1–2.

TIPA and TVA are headquartered in Mission, Texas. ECF No. 1 at 6. Mission is in the McAllen Division of the Southern District of Texas. ECF No. 24 at 11. Nonetheless, TIPA and TVA filed this action in the *Northern* District of Texas. ECF No. 1. They alleged venue is

proper here because both associations "have members in this judicial district who are injured by the challenged delegation." *Id.* at 7.

Defendants filed an omnibus motion arguing (among other things) that venue is improper in the Northern District of Texas. ECF No. 23 at 1–2. The motion requests dismissal under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transfer to the District of Columbia or the Southern District of Texas under 28 U.S.C. Section 1406(a) (improper venue transfer) or 1404(a) (convenience transfer). *Id.*

TIPA and TVA did not respond to Defendants' arguments regarding venue. Instead, they filed—with the Defendants—a Joint Motion to Transfer Venue ("Joint Motion"). ECF No. 31. Before the Joint Motion, the parties presented venue arguments involving (for Defendants) dismissal or the District Court for the District of Columbia and (for Plaintiffs) the Northern District of Texas. *Id.* at 2. But in the Joint Motion, the parties jointly request transfer to the McAllen Division of the Southern District of Texas. *Id.* If this Court transfers the case, the parties agree to "forgo their respective venue arguments." *Id.* The Joint Motion is now before the court.

### LEGAL STANDARD

Transfer of venue is governed by one of two different statutory provisions. Which provision applies depends on whether venue is proper in the original court.

If venue in the original court is *not* proper, 28 U.S.C. Section 1406(a) applies. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013) ("Section 1406(a) . . . allow[s] dismissal only when venue is wrong or improper." (internal marks omitted)). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." By

2

its use of the mandatory "shall," this Section *requires* the court to either dismiss or, "if it be in the interest of justice," transfer the case. 28 U.S.C. § 1406(a); *see also Atl. Marine*, 571 U.S. at 56 ("[If] venue is improper . . . the case *must* be dismissed or transferred under [Section] 1406(a)." (emphasis added)). Courts have discretion whether to dismiss or transfer, but "[c]ourts generally prefer transfer to dismissal." *Springboards to Educ., Inc. v. Hamilton Cnty. Read 20*, No. 3:16-CV-2509, 2017 WL 3023489, at *5 (N.D. Tex. July 14, 2017).

28 U.S.C. Section 1404(a), on the other hand, applies if venue *is* proper in the original court. *See Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952, 1996 WL 625327, at *5 n.8 (5th Cir. Oct. 1, 1996) (unpublished table decision) ("[S]ection 1404(a) applies when venue is properly laid in the original district court."). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because there is no requirement that the original venue is improper, this Section applies when the original venue is proper. *See Elizondo*, 1996 WL 625327, at *5 n.8. "A party seeking a transfer under Section 1404(a) must show good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (cleaned up).

ANALYSIS

This case raises a difficult question of venue. Can an association challenge allegedly unlawful regulations in a venue where the association's members—but not the association— are regulated? Ultimately, the Court need not answer that question for two independent reasons. First, Plaintiffs conceded that venue is improper, thus abandoning their position

3

that the Northern District is an appropriate venue. Second, even if venue is proper in the Northern District, the Court would transfer for convenience.

**I. Transfer is Required Because Plaintiffs Conceded Venue is Improper.**

28 U.S.C. Section 1391(e)(1) governs venue in this action, because Defendants are federal government employees and agencies. ECF No. 1 at 6–7; *see also Missouri v. FDA*, No. 2:22-CV-223, 2025 WL 2825980, at *3 (N.D. Tex. Sept. 30, 2025). Thus, venue is proper where "(A) a defendant in the action resides"; "(B) a substantial part of the events or omissions giving rise to the claim occurred"; or "(C) the plaintiff resides." 28 U.S.C. § 1391(e)(1). No party resides in the Northern District. ECF No. 1 at 6–7. Thus, venue turns on whether "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(e)(1)(B). This is also known as "transactional venue." *See Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, No. 4:23-CV-206, 2023 WL 2975164, at *2 (N.D. Tex. Apr. 17, 2023).

Transactional venue "does not ask the district court to determine whether the current venue is the best venue." *In re Space Expl. Techs., Corp.*, 96 F.4th 733, 735 (5th Cir. 2024) (Elrod, J., dissenting). The plain text of the statute requires that "*a* substantial part" of the events in question took place in the district, not the *most* substantial part. *See* 14D WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3806 (4th ed. 2026) ("It has always been clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred."). In the regulatory context, venue "is proper where an unlawful rule imposes its burdens." *Career Colls.*, 2023 WL 2975164, at *2 (internal marks omitted). But "a party bringing the claim must be present in the [venue] in some real capacity and burdened by the unlawful rule." *Id.*, at *3.

Here, Plaintiffs initially argued that venue is proper because they "have members in this judicial district who are injured by the challenged delegation." ECF No. 1 at 7.

4

Defendants raised improper venue, arguing that "the mere presence of an association's members, without more, does not establish transactional venue." ECF No. 24 at 7.

Defendants' argument is not entirely convincing. To be sure, that was the holding in *Career Colleges*.[1] 2023 WL 2975164, at \*1–\*3. But that case—an unpublished district court opinion—is unpersuasive on this point. *Career Colleges* does not cite any case finding that an association or analogous group cannot sue where its members experience the burdens of a regulation. *Id.*, at \*3. Instead, it relies on a rule statement derived from other cases: "[A] party bringing the claim must be present in the [venue] in some real capacity." *Id.* But this does not answer the question, it merely reframes it. Does an association with regulated members in the venue have a presence in that venue "in some real capacity" to support transactional venue? The Defendants' brief cites no other cases directly on point. ECF No. 24 at 7–9. And the Court is aware of none.

But the Court need not answer that question today. When the defendant raises improper venue, the burden shifts to the plaintiff to show that venue is proper. *See Missouri*, 2025 WL 2825980, at \*3, \*10; *see also Lawson v. DOJ*, 527 F. Supp. 3d 894, 896 (N.D. Tex. 2021) ("[O]nce a defendant has moved to dismiss based on improper venue, the majority of courts place the burden of establishing venue on the plaintiff."). Here, Defendants raised the issue of improper venue. ECF No. 24 at 7–9. Thus, the burden shifted to the Plaintiffs to show that venue is proper. Plaintiffs did not meet that burden, because they offered no response to Defendants' arguments. Instead, they filed a Joint Motion to Transfer under Section 1406(a), apparently conceding that venue is *not* proper in the Northern District. ECF No. 31 at 2. This constitutes waiver of the issue. *See Kellam v. Servs.*, No. 3:12-CV-352, 2013 WL 12093753, at

---

[1] In *Career Colleges*,  the Plaintiff was an association challenging Department of Education regulations on behalf of its member schools. 2023 WL 2975164, at \*1. The association filed suit in a judicial division where some of its members were burdened by the regulation. *Id.*, at \*2. The Court held that venue was improper, because "none of the [regulated] members . . . are parties." *Id.*, at \*3.

5

*3 (N.D. Tex. May 31, 2013) ("[A]bsent unusual circumstances, failure to respond to [an] argument on [the] merits [is] viewed as grounds for waiver or concession of the argument." (internal marks omitted)).

Because Plaintiffs waived their argument that venue is proper, the Court assumes venue is improper. Thus, dismissal or transfer under Section 1406(a) is required. *See Atl. Marine*, 571 U.S. at 56. The Court has discretion to dismiss or, if it is in the interest of justice, transfer to a Court where venue is proper. 28 U.S.C. § 1406(a). Venue is clearly proper in the McAllen Division of the Southern District of Texas, because both Plaintiffs reside there. *See* 28 U.S.C. § 1391(e)(1)(C).

The Court finds that transfer of this case is in the interest of justice. The Court starts from a position preferring transfer over dismissal, because "the interest of justice generally favors transferring a case to an appropriate forum." *Willis v. Green Tree Servicing, LLC*, 156 F. Supp. 3d 121, 123 (D.D.C. 2015). Here, case-specific factors further show that transfer is in the interest of justice. The parties jointly agree that this case should be transferred. ECF No. 31. Moreover, they have stipulated that they will "forgo their respective venue arguments" should the case be transferred to their compromise district. *Id.* at 2. Thus, transfer is manifestly in the interest of justice, because both party and judicial resources will be spared by the parties' stipulation. The Court therefore finds that transfer is warranted.

**II. Even if Venue Is Proper, the Court Would Transfer under Section 1404(a).**

Even if venue were proper here, the Court would still consider transferring the case for convenience under Section 1404(a). Defendants asked the Court, in the alternative, to consider Section 1404(a) transfer. ECF No. 24 at 9–11. That motion is unopposed. In fact, Plaintiffs have expressly requested the Court transfer the case (albeit under Section 1406(a)). ECF No. 31. And in any event, the Court could consider Section 1404(a) transfer *sua sponte*. *See Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

6

"A party seeking a transfer under Section 1404(a) must show good cause by clearly demonstrating that a transfer is for the convenience of the parties, in the interest of justice." *Def. Distributed*, 30 F.4th at 433 (cleaned up). The party has shown good cause when it shows that the transferee venue is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). When this standard is met, the district court should grant the transfer. *Id.* To determine whether there is good cause for a transfer, courts in the Fifth Circuit apply the eight-factor test developed in *Volkswagen*:

> These factors fall into two buckets, the private interest factors and the public interest factors. The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public interest factors are (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Google, L.L.C.*, No. 25-40788, --- F.4th ----, 2026 WL 934924, at *2 (5th Cir. Apr. 7, 2026) (Ho, J.) (citations omitted). No single factor is dispositive. *Id.*

Here, all the private factors favor transfer. The plaintiff associations have members across Texas. This would seem to make factors (1)–(3) neutral, because in either district, some evidence and witnesses will be close by, and some will have to come from the other district. However, many of the Plaintiffs' alleged injuries are personal to them, tied to their headquarters in the Southern District of Texas. *See* ECF No. 1 at 12 (listing four regulations that the Plaintiffs themselves must follow, but only one that their members must follow). So sources of proof may be related to TIPA and TVA's headquarters in Mission, Texas. And many witnesses may be employees of the associations who work at headquarters. Thus, factors (1)– (3) favor transfer.

Factor (4) also favors transfer. The parties have agreed to "forgo their respective venue arguments" and move forward litigating the remaining issues in their compromise venue. ECF No. 31. Thus, transfer will mean one fewer issue needs to be litigated by the parties and decided by the Court, making the case easier, cheaper, and faster. This heavily favors transfer.

The public interest factors all either favor transfer or are neutral. Factor (5) is neutral. Court congestion is a "weak signal," because it is difficult to measure. *In re Google*, 2026 WL 934924, at *2. Defendants cite statistics showing that the Southern District has more pending cases than the Northern District. ECF No. 24 at 10. But with no information about the complexity of those cases or the number of cases in each division, those numbers are not very helpful. *See In re Google*, 2026 WL 934924, at *2. The Court considers this factor neutral.

Factor (6) slightly favors transfer. The associations have members across Texas, so both courts have some "local interest" in deciding this case. However, the Plaintiff associations both reside in the Southern District. And as discussed above, many of the challenged regulations are alleged to apply only to the associations themselves, not to their members. ECF No. 1 at 12. Thus, the Southern District has a slightly stronger local interest in deciding this case.

Factors (7) and (8) are neutral. The Court is quite sure that both federal courts in question here have an excellent understanding of the law that will decide the case. Moreover, both courts are in Texas, and this case is about federal constitutional law as applied to federal statute. Thus, no conflict of laws or foreign law considerations exist here.

The *Volkswagen* test is not "a raw counting of the factors in each side." *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013). But with five factors favoring the Southern District and none favoring the Northern District, it would be impossible to conclude that transfer is not warranted here. The Court finds that the Southern District of Texas would

clearly be more convenient than the Northern District and that transfer is appropriate under Section 1404(a).

CONCLUSION

For the reasons stated above, transfer of this action to the parties' mutually requested forum is warranted. Accordingly, the parties' Joint Motion to Transfer (ECF No. 31) is **GRANTED**. The Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for Southern District of Texas, McAllen Division. The parties should raise the issue of scheduling the remaining briefing on outstanding motions with the transferee court.

**SO ORDERED.**

April 17, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

9